1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

8 | JAMES DION PALMER,

9 |                          Plaintiff,          CASE NO.  2:24-cv-00510-JCC-BAT

10 |        v.                                   **ORDER TRANSFERRING CASE TO THE EASTERN DISTRICT OF VIRGINIA**

11 | NORFOLK SHERIFF, et al.,

12 |                          Defendant.

13     Plaintiff, James Dion Palmer, a detainee at the Norfolk City Jail, in Norfolk, Virginia,

14 filed a *pro se* civil rights complaint alleging the following Defendants who reside in Virginia

15 violated his rights: Norfolk Sheriff; Glenn Youngkin, Governor of Virginia; and the Attorney

16 General of the Commonwealth of Virginia. Dkt. 1. Plaintiff also filed an application to proceed

17 *in forma pauperis* or pay the filing fee. *Id.*

18     This case has been assigned to the Honorable John C. Coughenour and referred to the

19 undersigned United States Magistrate Judge to preside over all non-dispositive matters. *See*

20 General Order 11-22.

21     Plaintiff's complaint alleges "I received meals that lack the following nutrition: A)

22 Protein* B) Iron* C) Sugar* D) Calcium* E) Vitamin-D F) Vitamin-C" As relief, he requests

23 Defendants be ordered to pay money damages and provide him "Blood testing of vitamin +

protein iron 2 eve. *Id.* His complaint indicates that in the last six months he has been incarcerated at the Norfolk City Jail and the Eastern State Hospital. *Id.*

Plaintiff's complaint is not filed in the proper federal district. All Defendants named in the complaint reside in the State of Virginia. All acts alleged occurred in Virginia. The nature of the allegations and the named Defendants suggest the complaint revolves around the food that Plaintiff has been provided while detained in Virginia. Federal civil actions may be brought in the judicial district where the Defendant resides or the judicial district in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b)(1) and (b)(2). As all defendants reside in Virginia and all alleged acts appear to have occurred in Norfolk Virginia, venue properly lies in the Eastern District of Virginia, and not Seattle, Washington. The Court accordingly concludes venue lies in the Eastern District of Virginia, and the complaint herein should have been filed there rather that in the Western District of Washington.

The complaint is thus clearly filed in the wrong district. When a complaint is filed in the wrong district, the Court shall either dismiss it, or in the interest of justice, transfers the matter to the proper district. 28 U.S.C. 1406(a). In the interest of justice, the Court transfers the case so the Court in the Eastern District of Virginia can screen the case under its own requirements and 28 U.S.C. § 1915(g).  Because this order does not address the merits of Plaintiff's claims, or make an *in forma pauperis* determination, it is suitable for decision by a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A).*See Data Scape Limited v. Barracuda Networks, Inc.,* No. 19-cv-00179, 2019 WL 3842884 at n. 1 (E.D. Cal. Aug. 15, 2019) citing *Paoa v. Marati*, 2007 WL 4563938 at *2 (D. Haw. Dec. 28, 2007) (collecting cases for the proposition that an order to transfer venue is a non-dispositive order).

The Court accordingly **ORDERS:**

ORDER TRANSFERRING CASE TO THE
EASTERN DISTRICT OF VIRGINIA - 2

**(1)** This case is **TRANSFERRED** to the United States District Court for the Eastern District of Virginia.

**(2)** The Clerk shall take the steps necessary to transfer this case and to close the case in this district once transfer has occurred.

**(3)**  Copies of this Order shall be provided to Plaintiff to the two addresses he has provided: 4601 Ironbound Road, Williamsburg, VA 23188, and Norfolk City Jail, 811 East City Hall Avenue, Norfolk, VA 23510. A copy of the order shall also be provided to the assigned District Judge.

DATED this 16th day of April, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER TRANSFERRING CASE TO THE
EASTERN DISTRICT OF VIRGINIA - 3